## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LAMAR MCCOY, # 243521, | * |
| Petitioner, | * |
| vs. | * CIVIL ACTION NO. 19-00738-CG-B |
| MARY COOKS, *et al.*, | * |
| Respondents. | * |

### REPORT AND RECOMMENDATION

Lamar McCoy, a state inmate in the custody of Respondents, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2254 Cases.[1] Based upon a careful review of McCoy's petition and the Court's records,[2]

---

[1] The record is adequate to determine McCoy's claim; thus, no federal evidentiary hearing is required. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1333-35 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005).

[2] The Court takes judicial notice of court documents from Lamar McCoy v. Louis Boyd, Case No. 1:10-cv-00666-CG-M (S.D. Ala. 2010) and Lamar McCoy v. Warden Hetzel, Case No. 1:12-cv-00326-CG-B (S.D. Ala. 2012), because they are public records that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See Morton v. Bank of America Corp., 2012 U.S. Dist. LEXIS 127389, at *4 n.4, 2012 WL 3901749, at *2 n.4 (noting that "[p]ursuant to Rule 201(b) of the Federal Rules of Evidence, a court has the discretion to *sua sponte* take judicial notice of certain facts, including court documents from a prior

it is recommended that McCoy's habeas corpus petition be **DISMISSED** as successive under 28 U.S.C. § 2244(b)(3)(A).

I. **BACKGROUND**

This is McCoy's third federal habeas petition arising from his August 24, 2005 conviction for first-degree rape in the Circuit Court of Monroe County, Alabama. McCoy filed his first federal habeas petition under 28 U.S.C. § 2254 on November 10, 2010. In the petition, he raised three claims challenging his 2005 conviction and sentence. See Lamar McCoy v. Louis Boyd, Case No. 1:10-cv-00666-CG-M (S.D. Ala. 2010) ("McCoy v. Boyd"), ECF No. 1. On February 2, 2011, this Court dismissed McCoy's first habeas petition without prejudice to allow him to exhaust his state court remedies. Id., ECF No. 4, 14, 15.

On May 14, 2012, McCoy filed his second federal § 2254 habeas petition in this Court. Lamar McCoy v. Warden Hetzel, Case No. 1:12-cv-00326-CG-B (S.D. Ala. 2012), ECF No. 1. In that petition, McCoy once again attacked his 2005 conviction and sentence. The

---

proceeding" and *sua sponte* taking judicial notice of plaintiff's prior bankruptcy proceeding in deciding defendant's motion to dismiss); Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)).

2

Court dismissed the petition with prejudice as time-barred on March 18, 2014.  Id., ECF No. 31, 32, 33.

On October 1, 2019, McCoy filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  McCoy asserts that his 2005 conviction is illegal and his sentence void, because neither the magistrate nor the sheriff signed the warrant for his arrest.  (Id. at 5, 13).  For the reasons set forth below, the Court finds that McCoy's instant § 2254 habeas petition is due to be dismissed as a successive petition pursuant to 28 U.S.C. § 2244(b).

**II. DISCUSSION**

One of the statutory restrictions on § 2254 habeas petitions arises from 28 U.S.C. § 2244(b), which provides in relevant part, that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) **Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**

28 U.S.C. § 2244(b) (emphasis added); see also Rule 9 of the Rules Governing Section 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

This Court's docket reflects that McCoy has twice previously filed habeas corpus petitions pursuant to the provisions of 28 U.S.C. § 2254. His prior petitions sought to challenge the same 2005 conviction and sentence he seeks to challenge in the instant petition. See McCoy v. Boyd, *supra*, and McCoy v. Hetzel, *supra*. In McCoy v. Boyd, this Court dismissed McCoy's § 2254 petition without prejudice to allow him to exhaust his state court remedies. See Dunn v. Singletary, 168 F.3d 440, 441 (11th Cir. 1999) (per curiam) ("When an earlier habeas corpus petition was dismissed *without prejudice*, a later petition is not 'second or successive' for purposes of § 2244(b)") (emphasis in original). And, in McCoy

4

v. Hetzel, this Court dismissed McCoy's second § 2254 petition *with prejudice* as time-barred pursuant to 28 U.S.C. § 2244(d). Because McCoy's second petition, filed in McCoy v. Hetzel, was time-barred and dismissed with prejudice as a result, any later habeas corpus petitions seeking to attack the same conviction and sentence are deemed successive. See Candelario v. Warden, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (per curiam) ("[A] second petition is successive if the first was denied or dismissed with prejudice, and a dismissal for untimeliness is with prejudice.") (internal citations omitted); Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007); Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) (holding that a prior untimely § 2254 petition counts as a first petition "because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims").

Based on the foregoing, the Court finds that McCoy's instant petition is a successive petition challenging his 2005 conviction and sentence for the purposes of § 2244(b). Because McCoy does

5

not allege, and the record does not establish, that he sought and obtained permission from the Eleventh Circuit Court of Appeals before filing the instant successive petition, his petition is due to be dismissed. "Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order [from the appropriate court of appeals] authorizing the district court to consider it." Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009) (per curiam); see also Allen v. United States, 2012 U.S. Dist. LEXIS 73734, at *2, 2012 WL 1946246, at *1 (S.D. Ala. April 6, 2012) ("The Petitioner must seek and obtain this certification '*[b]efore* a second or successive application . . . is filed in the district court.'") (emphasis in original) (quoting 28 U.S.C. § 2244(b)(3)(A)), report and recommendation adopted, 2012 U.S. Dist. LEXIS 73736, 2012 WL 1946511 (S.D. Ala. May 29, 2012).

Accordingly, the undersigned recommends that McCoy's present habeas petition be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam); Allen, 2012 U.S. Dist. LEXIS 73734, at *2, 2012 WL 1946246, at *1.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases. The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were

"adequate to deserve encouragement to proceed further."'") (quoting Slack, 529 U.S. at 484).

In the instant action, McCoy has not demonstrated that he applied to and received permission from the Eleventh Circuit to file his successive federal habeas petition; thus, this Court is without jurisdiction to consider the instant petition. See Hill, 112 F.3d at 1089. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that McCoy should be allowed to proceed further. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned submits that no reasonable jurist could find it debatable whether McCoy's petition should be dismissed. As a result, McCoy is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

**IV. CONCLUSION**

For the reasons set forth above, the undersigned recommends that Petitioner Lamar McCoy's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed for want of jurisdiction due to McCoy's failure to comply with 28 U.S.C. §

2244(b)(3)(A). McCoy is not entitled to a certificate of appealability and is further not entitled to proceed *in forma pauperis* on appeal.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **19th** day of **November, 2019.**

                                              **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**